DONALD AMAMGBO, ESQ.
AMAMGBO & ASSOCIATES
7901 Oakport Street, Suite 4900
Oakland, California 94621
Telephone: 510- 615-6000
Facsimile: 510- 615-6025

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
223 25th Street
Richmond, California 94804
Telephone: 510- 237-9700
Facsimile: 510- 237-4616

Attorneys for Plaintiffs

ORIGINAL FILED
JAN 2 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

E-filing

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAE CHOI and HYON SUE CHOI, California residents, individually and on behalf of themselves, and all others similarly situated,

    Plaintiff,

vs.

KOREAN AIRLINES CO. LTD.,

    Defendants.

Case No.: C08-00661 MEJ

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs JAE CHOI and HYON SUE CHOI, by and through their undersigned counsel, complain and allege upon information and belief except as to those paragraphs applicable to the named plaintiffs, which are based on personal knowledge, the following.

## DEFINITIONS

1. "Class period" means the period from January 1, 2000 to July 31, 2006.

2. "Fuel surcharge" means a surcharge levied by an airline upon passengers purportedly to compensate the airline for costs of fuel.

3. "Passenger air transportation" means air transportation of individuals involving at least one flight segment between the United States of America and the Republic of Korea ("Korea").

CLASS ACTION COMPLAINT - 1

4. "Surcharge" means a fee charged passengers by airlines to compensate airlines for certain external costs.

## NATURE OF ACTION

5. This action arises from a conspiracy to fix, raise, maintain and or stabilize prices for passenger flights with at least one segment between the United States and Korea by fixing the price of passenger and wholesale fares and fuel surcharges imposed on passenger air transportation.

6. Defendant and its co-conspirators acted in concert and conspired to artificially inflate the price of passenger air transportation by fixing the price of the base rates thereof and related fuel surcharges.

7. San Francisco International Airport ("SFO") is a major hub for the international passenger air transportation price fixing conspiracy alleged herein. Defendant Korean Airlines operates multiple direct international flights to and from SFO. In addition to being one of the largest international airports in the United States, SFO is also a significant hub for defendant Korean Airlines Co., Ltd.

8. Defendant Korean Airlines, together with its co-conspirators, participated in a conspiracy, primarily in California to fix and or maintain certain charges built into the price for international passenger air transportation. Because of this unlawful conduct and or conspiracy, plaintiffs and other class members paid artificially inflated prices for international passenger air transportation. Plaintiffs and other class members purchased international passenger air transportation services from Defendant Korean Airlines and have been damage thereby.

9. Plaintiffs bring this action to recover treble damages and injunctive relief for violations of Section 1 of the Sherman Act of 1890 ("Sherman Act"), 15 U.S.C. § 1 pursuant to Section 4 and 16 of the Clayton Act of 1914 ("Clayton Act"), 15 U.S.C. §§ 15, 26.

10. Plaintiffs bring this action on behalf of the class, (the "class"), as follows:

> All persons and or entities who purchased passenger air transportation that included at least on flight segment between the United States and the Republic of Korea from defendant or any predecessor, subsidiary, affiliate and or business partner of

CLASS ACTION COMPLAINT - 2

each, at any time during the period from January 1, 2000 to July 31, 2006.

11. The foregoing class excludes federal and state governmental and or national entities and Defendant Korean Airlines and Defendant Korean Airlines co-conspirators and their respective predecessors, subsidiaries, affiliates and or business partners.

12. At all relevant times herein, defendant and its co-conspirators were airline companies which sold passenger air transportation and charged a fuel surcharge for airline passenger travel between the United States and Korea.

13. During the class period, Defendant Korean Airlines and its co-conspirators agreed, combined and or conspired with each other to fix, raise, maintain and or stabilize the price for passenger air transportation and the corresponding fuel surcharges. Because of Defendant Korean Airlines unlawful conduct and conspiracy, plaintiffs and the class members paid artificially high prices for passenger air transportation and surcharges thereon, and have been damaged thereby.

## JURISDICTION AND VENUE

14. The claims of the plaintiffs and the class members for injuries sustained because of Defendant Korean Airlines violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 are brought pursuant to Section 4 of 16 of the Clayton Act, 15 .C. §§ 15 and 26, to obtain injunctive relief and to recover treble damages and the costs of this suit, including reasonable attorneys' fees.

15. This court has original federal question jurisdiction over the Sherman Act claims asserted in this complaint, pursuant to 25 U.S.C. §§1331, 1337 and Sections 4 of 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26.

16. Venue is proper in this judicial district pursuant to Section 4(a) and 12 of the Clayton Act, 15 U.S.C. §§ 15 and 22 and 28 U.S.C. § 1391(b), (c) and (d), because during the class period Defendant Korean Airlines resided, transacted business, was found and or had agents in this district, and or a substantial part of the events giving rise to plaintiffs' claims occurred in and a substantial portion of the affected interstate trade and commerce described below has been carried out in this district.

## DEFENDANT

17. Defendant Korean Air Lines Co. Ltd. ("Korean Air") is a foreign airline headquartered at Korean Air Operations Center, 1370, Gonghang-dong, Gangseo-gu, Seoul, Korea 157-712. Korean Air conducts passenger air transportation throughout the world, including direct transatlantic flights to and from the United States and this district.

## UNNAMED CO-CONSPIRATORS

18. On information and belief, at all relevant times, other airlines and or other entities willingly conspired with Defendant Korean Air in their unlawful restraint of trade. All assertions made herein against Defendant Korean Air are also asserted against these unnamed co-conspirators as though set forth at length herein.

## AGENTS

19. The acts alleged to have been done by Defendant Korean Airlines were authorized, ordered and or performed by its directors, officers, managers, agents, employees and or representatives while actively engaged in the management of Defendant Korean Airlines affairs.

## PLAINTIFFS

20. Plaintiff Jae Choi ("Plaintiff") is an individual resident of Contra Costa County, California. During the class period, plaintiff purchased air passenger transportation from Defendant Korean Airlines and has suffered pecuniary injury because of the antitrust violations alleged herein.

21. Plaintiff Hyon Sue Choi ("Plaintiff") is an individual resident of Contra Costa County, California. During the class period, plaintiff purchased air passenger transportation from Defendant Korean Airlines and has suffered pecuniary injury because of the antitrust violations alleged herein.

## FACTUAL ALLEGATINS

### Interstate and International Trade and Commerce

22. During the class period, there was a continuous and uninterrupted flow of passenger air transportation in interstate and international commerce into and out of the United States and Korea, affecting trade.

CLASS ACTION COMPLAINT - 4

23. Defendant Korean Airline is the largest passenger carrier from the United States to Korea, and its revenue averages more than $250 million per year. Defendant Korean Air business in California, includes but is not limited to, the sale of international passenger air transportation.

24. Defendant's unlawful activities, as described herein, took place within and affected the flow of interstate commerce to passenger air transportation customers in states other than where Defendant Korean Airlines is located, as well as throughout the world, and had a direct, substantial and reasonably foreseeable effect upon commerce in the United States and elsewhere worldwide.

### Defendant's Concerted Price Increases

25. Surcharges are a feature of the global air transportation market wherein airlines charge extra fees to their customers, over and above basic flight rate charges, purportedly to defray certain external costs of airline companies.

26. Beginning January 1, 2000 approximately, Defendant Korean Airlines and its co-conspirators commenced a series of meetings, conversations and other communications in which they agreed to act in concert with one another in setting the rates to be charged for passenger and wholesale passenger air transportation, including fixing the timing and or levels of fuel surcharges levied on their passenger air transportation customers.

27. Communications between Defendant Korean Airlines and its co-conspirators preceded the passenger and wholesale passenger air transportation rate and fuel surcharge increases alleged herein.

28. Because of various meetings, conversations and other communications, Defendant Korean Airlines and its co-conspirators agreed to and in fact increased the price of passenger air transportation, including fixing the timing and levels of fuel surcharges levied on their passenger air transportation customers, in accordance with said agreements.

29. Defendant Korean Airlines and its co-conspirators also engaged in meetings, conversations and other communications to enforce their agreed-upon rates and fuel surcharge prices.

### GOVERNMENT PROCEEDINGS

30. The United States Department of Justice ("DOJ") charged Korean Air with participating in a conspiracy to fix fares charged passengers and or certain travel agents for flights between the United States and Korea.

31. On August 1, 2007 Defendant Korean Air agreed to plead guilty and pay a $300 million criminal fine for its role in the conspiracy to fix the prices of passenger flights.

32. Korean Air admitted its wrongdoing. On behalf of Defendant Korean Airlines, attorney Ahn Yong-Seok, in confirming the pleas agreement, announced that Korean Airline "apologizes to shareholders and customers for causing the trouble". Ahn stated Defendant Korean Airlines' compliance officer would attempt to ensure future compliance with United States and global fair trade rules and regulations.

33. Under the plea agreement, Korean Air agreed to cooperate with the DOJ's ongoing investigation.

## FRAUDULENT CONCEALMENT

34. Throughout the relevant period, Defendant Korean Airlines and its co-conspirators affirmatively and fraudulently concealed their unlawful conduct against plaintiffs and the class.

35. Plaintiffs and the class members did not discover and could not discover through the exercise of and or reasonable diligence, that Defendant Korean Airlines was violating the antitrust laws as alleged herein until shortly before this litigation commenced. Nor could plaintiffs and or the class members have discovered the violations earlier than that time because Defendant Korean Airlines and its co-conspirators conducted their conspiracy in secret, concealed the nature of their unlawful conduct and acts in furtherance thereof and fraudulently concealed their activities through various other means and methods designed to avoid detection. The conspiracy was by its nature self-concealing.

36. Only on or about August 1, 2007, when the U.S. Department of Justice announced Koran Air's guilty pleas and criminal fines with regard to their price fixing with respect to passenger and wholesale passenger air transportation rates, the existence of the conspiracy was disclosed to the public. Plaintiffs and the class members could not have discovered the unlawful conduct at an earlier date through the exercise of reasonable diligence because of Defendant Korean Airline's active and purposeful concealment of its unlawful activities.

37. Defendant Korean Airline and its co-conspirators engaged in a successful illegal price-fixing conspiracy with respect to passenger air transportation and wholesale rates and fuel surcharges, which they concealed as follows:

    (i) By agreeing among themselves not to discuss publicly or otherwise reveal the nature and or substance of the acts and communications in furtherance of their illegal scheme;

    (ii) By engaging in secret meetings, telephone calls and other communications in order to further their illicit cartel; and or

    (iii) By giving false and or pretextual reasons for their pricing of passenger and or wholesale passenger air transportation rates, and for the increase in those prices during the relevant period, and by describing such pricing and increases falsely as being because of external costs rather than collusion.

38. Because of Defendant Korean Airlines fraudulent concealment of its conspiracy, plaintiffs and the class members assert the tolling of any applicable statute of limitations affecting the claims of plaintiffs and the class members.

## COUNT 1
## VIOLATION OF THE SHERMAN ACT

39. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this complaint.

### Class Action Allegations

40. Plaintiffs bring this action on their own behalf and as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b) (3) on behalf of the following class:

> All persons and or entities (excluding governmental entities, defendant, and defendant's respective predecessors, subsidiaries, affiliates, and business partners) who purchased passenger air transportation that included at least one flight segment between the United States and the Republic of Korea from defendant or any predecessor, subsidiary, or affiliate or business partner of each, at any time during the period from no later than January 2, 2000 to July 31, 2006.

41. Because such information is in the exclusive control of Defendant Korean Airlines, plaintiffs do not know the exact number of said class members. Due to the nature of the trade and commerce involved, plaintiffs believe the class is sufficiently numerous and geographically dispersed throughout the United States and the world so that joinder of all class members in impracticable.

42. There are questions of law and or fact common to the class, including but not limited to the following:

(i) Whether Defendant Korean Airlines directly or indirectly fixed prices of air passenger transportation;

(ii) The duration of the conspiracy alleged in this complaint and the nature and character of the acts performed by Defendant Korean Airlines in furtherance of the conspiracy;

(iii) Whether Defendant Korean Airlines violated Section 1 of the Sherman Act;

(iv) The nature and character of the acts performed by Defendant Korean Airlines in furtherance of the conspiracy;

(v) Whether the conduct of Defendant Korean Airlines caused injury to the businesses and or property of plaintiffs and the class members;

(vi) The effect of Defendant Korean Airlines conspiracy of the passenger air transportation and or fuel surcharge prices charged during the class period;

(vii) Whether Defendant Korean Airlines fraudulently concealed the alleged conspiracy so as to equitably toll any applicable statute of limitations;

(viii) Whether damages can be shown on a class-wide basis;

(ix) The appropriate measure of damages sustained by plaintiffs and other class members; and

(x) Whether the class is entitled to injunctive relief to prevent the continuation or furtherance of the violation of Section 1 of the Sherman Act alleged and;

(xi) Whether Defendant Korean Airlines engaged in a combination or conspiracy with its co-conspirators to fix, raise, maintain and or stabilize passenger air transportation by fixing the price of surcharges on such transportation.

43. The plaintiffs are class members having purchased passenger air transportation from Defendant Korean Airlines.

44. The prosecution of separate actions by individual class members would create a risk of inconsistent and or varying adjudications, establishing incompatible standards of conduct for Defendant Korean Airlines.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy:

(i) The class is readily definable and one for which records should exist in the files of Defendant Korean Airlines.

(ii) Prosecution as a class action will eliminate the possibility of repetitious litigation.

(iii) Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender.

(iv) Class treatment will permit the adjudication of relatively small claims by many class members who otherwise could not afford to litigate an antitrust claim such as is asserted herein on an individual basis.

(v) This class action presents no difficulties of management that would preclude its maintenance as a class action.

46. Plaintiffs' claims are typical of the claims of class members.

47. Plaintiffs' will fairly and adequately protect the interest of the class. Plaintiffs' interests are coincident with and not antagonistic to those of other class members.

48. Plaintiffs are represented by counsel competent and experienced in the prosecution of antitrust and class action litigation.

49. The question of law and fact common to class members predominate over any questions affecting only individual members.

### Violation Alleged

50. During the class period, Defendant Korean Airlines and its co-conspirators engaged in a continuing agreement, understanding and or conspiracy in restrain of trade to artificially raise, fix, maintain and or stabilize the prices of passenger air transportation by fixing the price of passenger and wholesale rates, including fixing the price of fuel surcharges thereon, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

51. In formulating and effectuating the alleged contract, combination and or conspiracy, Defendant Korean Airlines and its co-conspirators engaged in anti-competitive activities, the purpose and effect of which were to artificially raise, fix, maintain and or stabilize the prices of passenger air transportation by fixing the price of passenger and wholesale rates, including fixing the price of corresponding fuel surcharges. These activities include but are not limited to the following:

(i) Agreeing to charge prices for fuel surcharges at certain levels and otherwise to fix, raise, maintain and or stabilize the prices of passenger air transportation; and

(ii) Charging fuel surcharges at agreed upon levels, thereby fixing air transportation at the agreed-upon rates.

52. During the class period, plaintiffs and the class members purchased passenger air transportation directly from Defendant Korean Airlines and or its agents, predecessors, subsidiaries, affiliates and or business partners.

53. The illegal combination and conspiracy alleged herein had the following effects, among others:

(i) Price competition in the pricing of passenger and wholesale passenger air transportation rates, by and including increases in the price of fuel surcharges, and, consequently, the prices of which has been restrained, suppressed and or eliminated;

(ii) Prices charged by Defendant Korean Airlines for passenger air transportation were fixed, raised, maintained and or stabilized at artificial high, non competitive levels by fixing the price of fuel surcharges thereon;

(iii) Prices paid by plaintiffs and the class members for passenger air transportation charged by Defendant Korean Airlines have been fixed, raised, maintained and or stabilized at artificial high, non competitive levels by the fixing the prices of fuel surcharges; and

54. Defendant Korean Airline's anticompetitive activities and their effects are in violation of the Sherman Act.

55. During the class period, Defendant Korean Airlines sold passenger air transportation in a continuous and uninterrupted flow on interstate and foreign commerce. Defendant Korean Airline received payment for such products across state and national boundaries. Defendant Korean Airline's activities, and the sale of its services, have both taken place within, and have had a substantial anticompetitive effect upon, interstate commerce within the United States and foreign commerce.

56. Plaintiffs and the class members seek injunctive relief, and treble damages, and any such other relief that the court deems necessary and appropriate.

### Injury, Loss and Damage to Plaintiffs and the Class

57. The combination and conspiracy alleged herein had the following effects, among others:

(i) The prices charged by Defendant Korean Airlines to, and paid by plaintiff and the class members for passenger air transportation were fixed, raised, maintained and or stabilized at artificial high, non competitive levels;

(ii) Plaintiffs and the class members have been deprived of free and open competition in the purchase of passenger air transportation in the United States and worldwide;

(iii) Plaintiffs and the class members have been required to pay more for passenger air transportation in the United States and worldwide than they would have paid in a competitive marketplace absent Defendant Korean Airlines price-fixing conspiracy; and

(iv) Competition in the sale of passenger air transportation has been restrained, suppressed and or eliminated.

58. During the class period, Defendant Korean Airlines passenger air transportation conspiracy as described herein caused plaintiffs and the class members to pay artificially inflated prices for passenger air transportation that they would have not paid absent such violation. As a result, plaintiffs and the class members have been injured and damaged in their business and property in an amount to be determined according to proof.

59. Because of Defendant Korean Airlines illegal conspiracy, plaintiffs and the class members have been injured and financially damaged in their respective businesses and property, because they paid artificially inflated prices during the class period that they would not have paid in the absence of the illegal conspiracy.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that:

A. The court determine that this action may be maintained as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and direct that reasonable notice of this action, as provided by Rule 23(c)(2) of the Federal Rules of Civil given members of the class.

B. The court adjudges and decree that the contract, combination and conspiracy alleged herein is a *per se* unreasonable restraint of trade in violation of Section 1 of the Sherman Act.

C. The court permit plaintiffs to amend the present complaint as discovery may disclose further details of this conspiracy in parties, nature, substance, or extent;

D. The court award plaintiffs' and the class's attorneys' fees and costs, and pre-judgment and post judgment interest as permitted by law;

E. The court awards plaintiffs' and the class such other and further relief as may be deemed necessary and appropriate.

F. Judgment be entered against Defendant Korean Airlines, jointly and severally, in favor of plaintiffs and the class for treble damages determined to have been sustained because virtue of Defendant Korean Airlines violations of the Sherman Act, as allowed by law; and

G. Defendant and its co-conspirators and their respective successors, assigns, parents, subsidiaries, affiliates and transferees and their respective officers, directors, agents and employees and all other person acting or claim to act on behalf of Defendant Korean Airlines or its co-conspirators., or in concert with them, be permanently enjoined and restrained from, in any manner, directly or indirectly, continuing, maintaining or renewing the combinations, conspiracy, agreement, understanding or convert of action, or adopting any practice, plan, program or design having a similar purpose or effect in restraining competitions.

Dated: 1/23/08       By: _____
                     DONALD AMAMGBO, ESQ.
                     AMAMGBO & ASSOCIATES
                     7901 Oakport Street, Suite 4900
                     Oakland, California 94621
                     Telephone: (510) 615-6000
                     Facsimile: (510) 615-6025

                     REGINALD TERRELL, ESQ.
                     THE TERRELL LAW GROUP
                     223 25th Street
                     Richmond, California 94804
                     Telephone: (510) 237-9700
                     Facsimile: (510) 237-4616

                     *Attorneys for plaintiffs*

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiffs demand a trial by jury of the Sherman Act claims and any other claims so triable asserted in this complaint.

Dated: 1/23/08

By: _Reginald Terrell_
DONALD AMAMGBO, ESQ.
AMAMGBO & ASSOCIATES
7901 Oakport Street, Suite 4900
Oakland, California 94621
Telephone: (510) 615-6000
Facsimile: (510) 615-6025

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
223 25th Street
Richmond, California 94804
Telephone: (510) 237-9700
Facsimile: (510) 237-4616

*Attorneys for plaintiffs*